# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

KATHIAN MARIE LOPEZ-CONCEPCION, et al.,

Plaintiffs,

v.

CARIBE PHYSICIANS PLAZA CORP., et al.,

Defendants.

CIVIL NO. 21-1360 (HRV)

## ORDER

Pending before the Court are the motions for reconsideration filed by co-defendants Cristina I. Ortiz-Garcia and Iolani Garcia-Rosario. (Docket Nos. 117 and 118, respectively). They seek reconsideration of my order granting plaintiffs' motion *in limine* and excluding their announced experts. As noted in my Omnibus Memorandum and Order filed at Docket No. 111, these co-defendants both failed to respond to and oppose plaintiffs' motion *in limine*. Plaintiffs have filed a response in opposition to the motions for reconsideration. (Docket No. 119).

Motions for reconsideration are generally considered under Fed. R. Civ P. 59(e)("Motion to Alter or Amend a Judgment") or Fed. R. Civ. P. 60(b)("Grounds for Relief from a Final Judgment, Order, or Proceeding."). *See Villanueva-Mendez v. Vazquez*, 360 F. Supp. 2d 320, 324 (D.P.R. 2005). "The granting of a motion for

1

reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)(*quoting* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  The moving party "must either clearly establish manifest error of law or must present newly discovered evidence." *Pomerleau v. W. Springfield Pub. Schs.*, 362 F.3d 143, 146 n.2 (1st Cir. 2004)(cleaned up).  A motion for reconsideration is not "a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the [order]." *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)(*quoting Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

      The arguments advanced in the motions for reconsideration do not persuade me that my decision should be disturbed.  I note, first, that if the only issues with co-defendants' experts had been technical compliance with the requirements of Fed. R. Civ. P. 26(a)(2)(b), preclusion would not have been warranted.  The omissions would have likely been found to be harmless and/or preclusion too harsh a sanction.  *See* Fed. R. Civ. P. 37(c)(1).  The issue with the expert reports of Dr. Nieves and Dr. Reymunde (and the opinions contained in them) is substantive in nature in that the opinions expressed are not based on sufficient facts or data nor are they the product of reliable principles as required by Fed. R. Evid. 702 and *Daubert*.

      For instance, the proffered experts fail to cite medical literature in their reports.  Critically, they do not identify a national standard of care. *See Cruz-Bacardi v. Metro Pavia Hosp., Inc.*, No. 16-2455 (RAM), 2019 WL 3403367, 2019 U.S. Dist. LEXIS 125226, at*13 (D.P.R. Jul. 26, 2019)("[E]xperts must prove that a standard of care is

nationally used, rather than simply explaining a standard based on their experience."). The terse reports at issue here only contain conclusory assertions[1] coupled with a foundation that is unreliable. Therefore, the opinions of Dr. Nieves and Dr. Reymunde would not assist the trier of fact with regards to identifying, let alone understanding, the applicable standard of care in this case and whether there was a deviation from it or not. *See Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*, Civil No. 17-1136 (RAM), 2020 WL 4516012, 2020 U.S. Dist. LEXIS 140016, at *16 (D.P.R. Aug. 5, 2020). The motions for reconsideration do not directly address these fatal shortcomings and citing principles of "fairness" and "justice" do not carry the day for these co-defendants. Co-defendants Garcia-Rosario and Ortiz-Garcia have not shown that I committed a manifest error of law. Accordingly, the motions for reconsideration at Docket Nos. 117 and 118 are DENIED.

**SO ORDERED**

In San Juan, Puerto Rico this 9th day of August, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE

---

[1] Dr. Nieves baldly states that "[t]he intervention of Dr. Cristina Ortiz-Garcia with Mr. Angel I Lopez Diaz at the emergency department of Caribbean Hospital on February 27, 2020, was adequate." (Docket No. 87-1). With regards to the participation of Dr. Garcia-Rosario, Dr. Reymunde concludes that "her decisions and medical criteria did not deviate from the standards of medical practice since she was in contact with the in-house physician." (Docket No. 87-2 at 4). This is expressed, after having indicated, again, in conclusory fashion, that "[i]t is not a medical deviation to give telephone orders and discuss the management with her counterpart that is in the hospital." (*Id.* at 3). These are conclusions that there were no deviations, without having first defined, through medical data or literature, what the relevant standard of care was under the circumstances.